Evans J.
delivered the opinion of the Court.
The only question made in this case, is that which arises on the acceptance; some others might arise out of the facts as stated, but this alone will be considered. It is no longer an open question, whether a conditional acceptance be binding, when the condition is performed, the acceptance becomes absolute. The condition in this case was to pay “when in funds.” *274 This means, they will pay the order when funds belonging to Spann shall come into their hands, or in other words, it amounts to a promise to pay the order out of the first funds of Spann’s, which shall come into their hands. The proof, that they had received and sold Spann’s cotton, would prima facie make them liable. But the defendants contend they are not liable on two grounds: 1. That Spann owed them at the time, a large debt which has never been paid, therefore they have had no funds of Spann in their hands. But this, it seems to me, is adding another condition to the acceptance, and the acceptance would then mean they would pay the order when they had funds in hand, over and above the amount of their debt, which would certainly be something beyond what is stated in the acceptance, and something beyond what is implied by law; such an addition to the acceptance would make it entirely illusory and deceptive, and I will not do the defendants the injustice to suppose they intended any such thing. But it appears from the evidence, that funds to a greater amount, than the debt due to them at the time of the acceptance, have come into their hands from the sales of cotton; so that this defence, even if it could be sustained, cannot avail them, unless their second ground of defence can be sustained that arises out of the admission made by plaintiff’s attorney, that the cotton is sent to the factor, under the implied understanding that he is to advance for plantation expenses; and to the extent of these advances, the factor has a right to retain, or in other words, he has something like a lien on the cotton before it is sold. Now, there is some reason in this to a certain extent, for unless he had made the advancements, the cotton could not have been produced or sent to market for sale. This was the argument, and to the extent to which it goes, it is reasonable enough; the expenses of producing the crop, like the freight, are to be first paid, and only the surplus of the money belongs to the planter. But the usage and the reasons of it go no further; what are plantation expenses in this sense, the evidence reported does not enable us to judge. I can hardly suppose the whole crop was consumed in this way. No doubt family supplies and many other things, not strictly plantation expenses, will be *275 found in the account current, when produced, and these I do not suppose can come within the usage, admitted to exist by the plaintiff’s attorney. That the facts may be more fully ascertained, a new trial is ordered.
Richakdson J., O’Neall J., Wardlaw J., and Withers J., concurred.
Frost J. concurred in the result.